**Terry Clay WILLIAMS, Plaintiff–Appellant,**

v.

**R. ORTIZ; J.D. Klarich; Wesley Young, Defendants–Appellees.**

**No. 04–15042.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 18, 2004.

Terry Clay Williams, Moreno Valley, CA, pro se.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Terry C. Williams, a California state prisoner, appeals pro se the summary dismissal for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(ii) and 1915A(b)(1), of his action under 42 U.S.C. § 1983, alleging that three prison doctors were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. We review de novo, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and affirm.

In his amended complaint, Williams alleged that Dr. Ortiz and Dr. Klarich failed to perform an "ultrascan" and schedule eye surgery, and that Dr. Young denied him pain relief. In his objections to the magistrate judge's findings and recommendations, Williams stated that another prison doctor had concluded that he had a traumatic cataract, rather than a common cataract, in his left eye. He attached a report by that doctor, who stated that Williams' condition was not an emergency and that he was on a list to see an ophthalmologist, who would decide whether to recommend surgery. He claims that inadequate treatment put him at greater risk of permanent blindness.

Williams' allegations do not state a claim under the Eighth Amendment. *See Clement v. Gomez,* 298 F.3d 898, 904 (9th Cir. 2002) (plaintiff must establish that defendants were deliberately indifferent to substantial risk of serious harm).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

